**NOT FOR PUBLICATION**

FILED

DEC 29 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30350 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00149-JDS-1 |
| v. | |
| DOMINGO BAEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Jack D. Shanstrom, Senior District Judge, Presiding

Submitted November 14, 2011[**]
Portland, Oregon

Before: FISHER, PAEZ, and CLIFTON, Circuit Judges.

Domingo Baez appeals the district court's denial of his motion for return of

$1,351.00 in cash seized from him by drug enforcement agents in September 2008.

Baez contends that the declaration of civil forfeiture must be set aside because he

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

did not receive actual notice of the forfeiture.[1]  The plain language of the Civil

Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983(e)(1)(A),

forecloses Baez's argument.  The statute requires only that the government take

*reasonable steps* to provide notice to potentially interested parties; it does not

require actual notice.  Moreover, Baez cannot show that he did not know, or have

reason to know, of the seizure within sufficient time to file a timely claim, as

CAFRA requires, since the monies were seized from his person.  *See* 18 U.S.C. §

983(e)(1)(A).

Baez's additional contention that due process requires that he receive actual

notice prior to the forfeiture of his assets is likewise without merit.  "The Due

Process Clause of the Fifth Amendment prohibits the United States . . . from

depriving any person of property without 'due process of law.'"  *Dusenbery v.

United States*, 534 U.S. 161, 167 (2002).  "[I]ndividuals whose property interests

are at stake are entitled to 'notice and an opportunity to be heard.'"  *Id.*  Due

process requires only that the notice afforded to interested persons be "'reasonably

---

[1]The government contends that Baez waived this argument by raising it for the first time on appeal.  *Pro se* litigants, however, are held to a lesser standard where their compliance with statutory procedural requirements is at issue.  *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).  We therefore construe Baez's arguments before the district court that his attorneys advised him against pursuing the return of his property as having raised the notice issue.

calculated, under all the circumstances, to apprise [them] of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 168 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

CAFRA's requirement that the government take reasonable steps to provide potential claimants with notice mirrors the requirements of the Due Process Clause. Due process plainly does not require actual notice. *See id.* at 170-71 (rejecting inmate's claim that the government was required to assure delivery of notice of forfeiture to his cell and noting that "our cases have never required actual notice").

AFFIRMED.